THE VILLAGE OF RIDGEWOOD, A MUNICIPAL CORPORA-
TION, PROSECUTOR, v. STATE BOARD OF TAX AP-
PEALS AND THE WOMEN'S CLUB OF RIDGEWOOD,
RESPONDENTS.

Submitted May 5, 1942—Decided September 28, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Thomas L. Zimmerman, Jr.*

For the respondents, *Judd K. Kinzley.*

The opinion of the court was delivered by

CASE, J.   We review a judgment of the State Board of
Tax Appeals in re the clubhouse property of the Women's
Club of Ridgewood.   The tax assessment for the year 1940
was $41,280, being $5,320 on land and $35,960 on improve-
ments.   The Bergen County Board of Taxation reduced those
valuations, on appeal, to $4,000 on land and $20,000 on
improvements, a total of $24,000.   The Village of Ridgewood
appealed to the State Board of Tax Appeals which modified
the action of the county board and determined the assessed
values to be $4,000 on land and $21,000 on improvements,
a total assessment of $25,000.   The village prosecutes the
writ.

The property consists of a frame and stone clubhouse two stories in height located on a corner plot measuring 150 feet by 169 feet, is known as 215 West Ridgewood Avenue and constitutes a non-conforming use in an area zoned for one-family houses.

The testimony produced by the municipality gave the value of the improvements, figured on the basis of estimated cost of reproduction less depreciation, from $49,779 to $53,805.22 and of the land $6,750. The testimony adduced by the tax-payer was that the market value of the property, fixed as of the assessing date and based on a hypothetical transaction between a willing buyer and a willing seller, was $21,000 on improvements and $4,000 on land, a total value of $25,000.

Original cost, cost of reproduction, depreciation and the like are pertinent incidents but do not control the taxable value. The established rule, based on our statutory and con-stitutional provisions, is that the valuation for taxation is that amount which could be obtained for the property in money at a fair sale, as of the first day of October of the year in which the assessment was made, between a willing seller and a willing buyer, that is, one not obliged to sell dealing with one not obliged to buy. *New Jersey Bell Tele-phone Co.* v. *Newark,* 118 *N. J. L.* 490; *affirmed,* 124 *Id.* 451. In weighing the evidence and making our findings on a review by *certiorari* we do not ordinarily disturb a judg-ment of the State Board of Tax Appeals on questions of fact involved in tax valuations unless the evidence is persuasive that the board erred in its determination. *Lawrence Town-ship* v. *State Board of Tax Appeals,* 124 *Id.* 465. The proofs substantially sustain the assessed values as determined by the board, and the proofs upon which that finding was made were in substantial accord with the established rule. The decision by the state board is substantially an affirmance of that reached by the county board. We find no adequate reason for disturbing it.

The judgment of the State Board of Tax Appeals will be affirmed, with costs.